1   J. Christopher Jorgensen
    State Bar No. 5382
2   Stefan M. Palys
    State Bar No. 11434
3   Lewis and Roca LLP
    3993 Howard Hughes Pkwy., Ste. 600
4   Las Vegas, NV  89169
    (702) 949-8200
5   (702) 949-8398/fax

6   *Attorneys for Defendants Bank of America,*
    *N.A., BAC Home Loans Servicing, LP and*
7   *Recontrust Company, N.A.*

8
                    UNITED STATES DISTRICT COURT
9
                    FOR THE DISTRICT OF NEVADA
10

11  BRANDON M. D'HAENENS, an           Case:  2:10-cv-00570-GMN-LRL
    individual,
12
                          Plaintiff,
13
         vs.                           **RESPONSE IN OPPOSITION TO**
                                       **PLAINTIFF'S MOTION FOR A**
14  BANK OF AMERICA, N.A.; BAC HOME     **PRELIMINARY INJUNCTION**
    LOANS SERVICING, LP; RECONTRUST     **AND**
15  COMPANY, N.A.; MERSCORP, INC., a    **MOTION FOR A PROTECTIVE**
    Virginia corporation; MORTGAGE      **ORDER OR STAY OF DISCOVERY**
16  ELECTRONIC SYSTEMS, INC.,
    subsidiary of MERSCORP, INC., a
17  Delaware corporation; et al.,

18                        Defendants.

19       Defendants[1] submit this response in opposition to the Plaintiff's motion to compel.

20  The Plaintiff's motion to compel is a bit premature, as he has yet to send any discovery

21  requests for defendants to even respond to in the first place.  Moreover, he <u>cannot</u> submit

22  any discovery requests yet because the parties have not had a Rule 26(f) conference.

23  Furthermore, given that there is a motion to dismiss pending, discovery is improper in any

24  event.  Accordingly, the Plaintiff's motion to compel should be denied.  The Court should

25  also award the Defendants their attorneys' fees incurred in responding to the Plaintiff's

26  motion.

27

28  _____
    [1] "Defendants" collectively refers to ReconTrust Company, N.A. ("ReconTrust"), Bank of
    America, N.A. ("BOA") and BAC Home Loans Servicing, LP ("BAC").

This Response is based on the pleadings and papers on the Court's docket and the following memorandum of points and authorities.

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.     Discovery Has Not Begun As There Has Been No Rule 26(f) Conference**

"A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)."  Fed. R. Civ. P. 26(d).  Similarly, a Rule 26(a)(1) initial disclosure statement is not due until 14 days after the parties' hold a Rule 26(f) conference. The parties in this case have not held a Rule 26(f) conference yet.  Thus, the Defendants have no obligation to produce an initial disclosure statement, and the Plaintiff has no authority to request discovery from the Defendants at this time.

**II.     There Is Nothing to Compel Production of Yet**

Putting aside that discovery has yet to commence, the Plaintiff's motion to compel is premature because he has yet to send a discovery request to any of the Defendants. Thus, there is nothing to compel the production of.  *See* Fed. R. Civ. P. 37(a)(3) (motion to compel proper *after* failure to make a disclosure or respond to a discovery request (emphasis added)).

**III.     Plaintiff Failed to "Meet and Confer" with the Defendants**

Perhaps the Plaintiff's motion could have been avoided had he met and conferred with the Defendants as required prior to filing his motion to compel. Fed. R. Civ. P. 37(a)(1).  Plaintiff never contacted the Defendants.  For that reason, he failed to attach the required certificate to his motion to compel.  (The affidavit he filed does not discuss this issue.)

**IV.     Discovery Should Not Begin Until After a Ruling on the Motion to Dismiss**

The Court should not allow discovery to begin until it has ruled on Defendants' motion to dismiss; this will save the Courts and the parties time and resources.  Defendants provided a full explanation of why Plaintiffs' complaint fails to state a claim in their motion to dismiss, (Dkt. 5), and will not repeat that history again here.  Courts routinely stay discovery and issue protective orders when dispositive motions are pending because

of the risk of considerable wasted expense.  *See, e.g., Wegner v. Monroe*, 282 F.3d 1068, 1077 (9th Cir. 2002) (affirming district court's decision to stay discovery pending a ruling on motion to dismiss); *Wood v. McEwen*, 644 F.2d 797, 801-02 (9th Cir. 1981) (issuing protective order and suspending discovery until motions to dismiss were decided); *Turner Broadcasting Sys., Inc. v. Tracinda Corp.*, 175 F.R.D. 554, 556 (D. Nev. 1997) (allowing stay of discovery where motion to dismiss pending); *Proyectro San Pablo v. Immigration and Naturalization Service*, 4 F.Supp.2d 881, 884 (D. Ariz. 1997) (granting granted motion to stay discovery pending resolution of the motion to dismiss) (reversed in part on other grounds).  The risk of unnecessary expense is especially great here, given the breadth and number of the Plaintiff's discovery requests.

Moreover, Defendants' motion to dismiss raises pure issues law, making a protective order particularly appropriate here.  *Turner*, 175 F.R.D. at 556 (stay of discovery appropriate where motion to dismiss raises legal issues); *White v. American Tobacco Co.*, 125 F.R.D. 508, 510 (D. Nev. 1989) (where no fact issues are raised by a motion to dismiss and discovery is not required to resolve the motion, "it is appropriate for the district court to stay all discovery pending the disposition of the motion to dismiss"); *U.S. v. Oregon*, 470 F.3d 809, 810 n.2 (9th Cir. 2006) (*res judicata* presents a question of law); *Coates v. Kelly*, 957 F. Supp. 1080, 1082-83 (E.D. Ark. 1997) (same); *United States ex rel. Yankton Sioux Tribe v. Gambler's Supply, Inc.*, 925 F. Supp. 658, 663 (D.S.D. 1996) (same).

## V.   Conclusion

The Plaintiff had no basis on which to file a motion to compel.  Discovery has yet to begin and he did not certify that he met and conferred with the Defendants (because he has not).  The Court should deny his motion to compel, should enter an order staying discovery, and should order the Plaintiff to pay the Defendants' reasonable costs and attorneys' fees incurred in responding to his improper motion to compel.  Fed. R. Civ. P. 16(f), 26(g), 37.

DATED this 4th day of June, 2010.

LEWIS AND ROCA LLP

By    /s/ Stefan Palys (11434)
           J. Christopher Jorgensen
           State Bar No. 5382
           Stefan M. Palys
           State Bar No. 11434
           3993 Howard Hughes Pkwy., Ste. 600
           Las Vegas, NV  89169
           Attorneys for Defendants BAC, BOA and
           Recontrust

## CERTIFICATE OF SERVICE

I hereby certify that service of the foregoing document was made on the 4th day of June, 2010 by depositing a copy for mailing, first class mail, postage prepaid, at Las Vegas, Nevada, to the following:

Brandon M. D'Haenens
609 North Los Feliz Street
Las Vegas, NV 89110
Pro Se Plaintiff

By   /s/ Marie H. Mancino
    an employee of Lewis and Roca LLP