J. CHRISTOPHER JORGENSEN, ESQ.
STATE BAR NO. 5382
STEFAN M. PALYS, ESQ.
STATE BAR NO. 11434
LEWIS AND ROCA LLP
3993 Howard Hughes Pkwy., Ste. 600
Las Vegas, NV  89169
(702) 949-8200
(702) 949-8398/fax

Attorneys for Defendants Bank of America,
N.A., BAC Home Loans Servicing, LP and
Recontrust Company, N.A.

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| BRANDON M. D'HAENENS, an individual, | Case:  2:10-cv-00570-GMN-LRL |
| Plaintiff, | |
| vs. | |
| BANK OF AMERICA, N.A.; BAC HOME LOANS SERVICING, LP; RECONTRUST COMPANY, N.A.; MERSCORP, INC., a Virginia corporation; MORTGAGE ELECTRONIC SYSTEMS, INC., subsidiary of MERSCORP, INC., a Delaware corporation; et al., | **REPLY IN SUPPORT OF MOTION TO DISMISS** |
| Defendants. | |

In their Motion to Dismiss, Defendants argued that Plaintiff's claims are legally deficient. In his Response, Plaintiff ignored Defendants' arguments and instead responded with rhetoric about the global economy and a ruined American dream.  (Response, Dkt. # 27).  Implicitly acknowledging that his rhetoric is not sufficient to defeat dismissal, Plaintiff asks the Court to tell him what is wrong with his complaint so that he can fix it, or to let him conduct discovery to find facts that would support a complaint.  Discovery, however, is designed to assist a party prove a claim he reasonably believes is viable, not to find out if he has any basis for a claim.  Plaintiff's Response also impermissibly refers to new facts and theories not mentioned in his complaint.

Not surprisingly, nothing in Plaintiff's Response fixed the fundamental flaws plaguing his claims.  For the reasons set forth below and the reasons set out in their Motion to Dismiss, Defendants, therefore, request that the Court dismiss Plaintiffs' Complaint, with prejudice.

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.    Suspicion and Guesses Do Not a Lawsuit Make:  The Court Should Not Let Plaintiff Use Discovery to See if He Has a Claim.**

Plaintiff asks that the motion to dismiss be denied until discovery can take place.  (Dkt. 27 at 3:9-10, 19:4-9).  More specifically, he states:

- Until the parties are allowed to proceed through discovery, until the parties have the entire "true" file (the documents defendant provided may or may not be the entire documents), we cannot have our audit of the violations and determine the remedies of each violation.

- Plaintiff cannot truly answer defendants' complaints in its Motion to Dismiss, fully, and Fully amend a complaint, until the basic discovery is provided.

- The defendants are not differentiated in the Complaint, as of now, before discovery, we are unaware of what defendant is responsible for what, and, as it is alleged in Plaintiff's complaint (see general allegations), that the defendants acted in concert.

(Dkt. 27 at p. 5:22-28; *see also* p. 19 (asking for leave to conduct discovery to amend the complaint to add more detailed allegations.))

As these examples demonstrate, Plaintiff wants to conduct discovery in order to determine whether he has any claims and to determine "what defendant is responsible for what."  (Dkt. 27 at 5:26-28.)  That, however, is not allowed, as confirmed by the Supreme Court's recent *Ashcroft v. Iqbal*, decision:  "Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions."  129 S. Ct. 1937, 1250 (2009).  *See also, e.g., Zuk v. E. Pa. Psychiatric Inst.*, 103 F.3d 294, 299 (3d Cir. 1996) ("[D]iscovery is not intended as a fishing expedition permitting the speculative pleading of a case first and then pursuing discovery to support it; the plaintiff must have some basis in fact for the action."); *Paddington Partners v. Bouchard,* 34 F.3d 1132, 1138 (2d Cir. 1994) (stating plaintiff's attempt to seek discovery to find out if it has a claim "is decidedly not the object of the discovery procedures outlined in the Federal Rules of Civil Procedure."); *Micro Motion, Inc. v. Kane Steel Co., Inc.*, 894 F.2d 1318, 1326 (Fed. Cir. 1990) ("discovery rules are designed to assist a party to prove a claim it reasonably believes to be viable without discovery, not to find out if it has any basis for a claim").[1]

. . .

---

[1] Defendants incorporate by this reference their Response to Plaintiffs' Motion to Compel, which they are filing contemporaneously herewith.

**II.    Plaintiffs' References to New Facts Should Be Ignored.**

In addition to seeking discovery in order to find out if he even has a claim, Plaintiff improperly cites to new "facts" in his Response.  For example, Plaintiff spends nearly four pages arguing that "upon information and belief MERS is not qualified with the Nevada Secretary of State to conduct intrastate business within Nevada," because, among others he believes MERS has not paid Nevada state franchise taxes or filed a tax return, despite his belief that MERS is required to do so.  (Dkt 27 at pp. 11-15.)  These new facts and allegations are not in his complaint and should be ignored.  *See, e.g., Schneider v. Calif. Dept. of Corrections,* 151 F.3d 1194, 1197 n. 1 (9th Cir. 1998) ("new facts" are irrelevant and "a court may not look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss"); *Shervington v. Village of Piermont*, 2010 WL 93158, 6 (S.D.N.Y. 2010) ("complaint cannot be modified by party's affidavit or by papers filed in response to motion to dismiss"); 2 *Moore's Federal Practice,* § 12.34[2] (3d ed.) ("The court may not . . . take into account additional facts asserted in a memorandum opposing the motion to dismiss").

Moreover, these new facts are based on pure speculation.  (*see e.g.,* Dkt 27 at 12:21-28 stating "facts" are "upon information and belief.")  But, under *Iqbal* and *Twombly*, a complaint must allege more than pure speculation.  *See, e.g., Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (complaint requires more than suspicion); *Iqbal*, 129 S. Ct. at 1949 (2009) (conclusory allegations are insufficient to support a complaint); *Centeno v. Doe*, 2009 WL 4716038, 3 (E.D. Cal. 2009) (conclusory allegations based on "information and belief" insufficient under *Iqbal*); 5 C. Wright & A. Miller, FEDERAL PRACTICE AND PROCEDURE § 1216, at 235–36 (3d ed. 2004).

And, and more troubling, this argument is based on inapplicable **California** law, which is evident from his citation to the California Tax Code throughout his Response.[2]  In *Guldbeck v. BNC Mort. Inc.*, 2010 WL 727518, 7 (N.D. Cal. 2010), a plaintiff in a California case made a similar argument.  There, the plaintiff argued that MERS had violated California Tax Code §§ 23304 and 23305a, and that its privilege to conduct business in the state was suspended and contracts with MERS were therefore void or voidable.  *Id*.  The California District Court rejected

---

[2] Defendants believe that the MERS/taxes argument relates to the quiet title claim based on a reference to that claim in the Response at 15:2-3.

the argument as MERS was exempt from California registration requirements.  *Id.*  Plaintiff here

must have latched onto *Guldbeck* or other cases like it, but he did not even bother to change the

references to the various California code sections, i.e. §§ 23304 and 23305a.  Instead, he just

changed references from "California" Code to a non-existent "Nevada" Code.  *See, e.g.,* Dkt. 27 at

11:28-12:2 (citing "Nevada Revenue & Taxation Code § 23301").  This argument was obviously

just a cut and paste from some other case or complaint because at one point Plaintiff even slips up

and explains that certain acts "do not constitute conducting intrastate business **within California**."

*Id.* at 14:26-27; *see also id.* at 13:13-15 (explaining that the contract with MERS permits MERS

"to foreclose on **her** home . . . .").  <u>California</u> statutory law and MERS' status in <u>California</u>,

however, does not provide a legal basis to prevent a foreclosure under <u>Nevada</u> law.

## III.     Plaintiff Never Identifies How His Complaint Meets Rule 8's Requirements – (It Doesn't).

Perhaps because his allegations are based on speculation and guesses, Plaintiff never

explains with any specificity, how or what factual allegations in his complaint are sufficient to

state a claim.  Indeed, he simply makes broad, conclusory statements that his allegations are

sufficient.  Here is one such broad statement:

> Thus, there is no question as to whether Plaintiff has alleged enough factual
> material to suggest or raise a reasonable expectation of, and render plausible that
> Defendants should be held liable.  In this case, Plaintiff stated facts and
> incorporated documentary evidence sufficient to support each claim. . . .
> Plaintiff[] re-alleges all previous paragraphs into each cause of action clearly with
> the intention that all of the facts in the entire complaint be considered together.
> Under 12(b)(6) motion [sic], the court [sic] must decide whether the facts alleged,
> if true, would entitle Plaintiff to some form of legal remedy.  Unless the answer is
> unequivocally 'no' the motion must be denied.

*See* (Dkt. 27 at 7:16-26).

He does not respond to Defendants' arguments that he failed to allege facts showing that

N.R.S. § 598(D) applies or what conduct violates that statute.  (Dkt. 5 at p. 6, 7:13-15 ; 11:5-7).

Nor does he plead what damages were caused by alleged RESPA violations, as required in order

to state a RESPA claim.  (*Id.* at 12:2-10).  And, he doesn't make any allegation that Bank of

America, BAC, or Recontrust made any representations, let alone false representations.  Indeed, he

admits that he does not know, without discovery, "what defendant is responsible for what," and

that he "cannot truly answer defendants' complaints in its Motion to Dismiss . . . until basic discovery is provided."  (Dkt. 27 at p. 5.)  Thus, it is no surprise that Plaintiff's Response, like his complaint, lacks the details necessary to overcome Rule 8 obstacles.

IV.   **Plaintiff Suggests that The Court Should Review His Complaint to Identify What Plaintiff Needs to Fix.  This Is Not the Court's Role.**

Plaintiff also suggests that rather than dismiss his complaint, the Court should review the complaint and just tell him what is wrong with it, so he can go back and add more detail.  (*See* Dkt. 27 at 19:4-7, 20:11-14.)  The Court, of course, is under no obligation to do so.  *See Indep. Towers of Wash v. Wash.*, 350 F.3d 925, 929 (9th Cir. 2003) ("judges are not like pigs, hunting for truffles buried in briefs" (quoting *U.S. v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991)).

**V.   Plaintiff Ignored Rule 9(b) In His Complaint And Did So Again in His Response.**

As noted in the Defendant's Motion, Plaintiff asserts three claims that are subject to the heightened pleading standards set forth in Federal Rule of Civil Procedure 9(b):  Count II (Deceptive Trade Practices), and Counts IV and V (Conspiracy to Commit Fraud).  (Motion to Dismiss (Dkt. 5) at p. 5:5-6, 5:10-11, 12:10-20, 17:9-19:28).  To survive a motion to dismiss, a plaintiff's fraud claim must include facts as to time, place and substance of the fraud, specifically detail the defendant's allegedly wrongful acts, including when they occurred and who engaged in the misconduct.  *See, e.g. Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997); *In re GlenFed, Inc. Securities Litigation*, 42 F.3d 1541, 1547-49 (9th Cir. 1994); *Arndt v. Prudential Bache Securities, Inc.*, 603 F. Supp. 674, 676 (S.D. Cal. 1984).  Rule 9(f) further provides that "for purpose of testing the sufficiency of a pleading, averments of time and place are material and shall be considered like all other averments of material matter."

As Defendants explained in their Motion to Dismiss, Plaintiff's complaint fails in this regard, failing to identify any of the particulars required by Rule 9.  (*See* Dkt. 5 at p. 12, 17-19) Again, this is not a surprise given that Plaintiff wants to conduct discovery to see if he even has a claim and in light of the fact that he failed to even meet the notice pleading standards of Rule 8.  Plaintiff offered <u>no argument at all</u> in response to Defendants' contention about Rule 9.  His claims that are subject to the heightened pleading standard should, therefore, be dismissed.

**VI.      Plaintiff Response Ignores Many of Defendants Other Arguments As Well.**

Plaintiff didn't just ignore Defendants' Rule 9(b) arguments.  Plaintiff also abandoned several of his other claims by completely failing to respond to the arguments that Defendants made in their Motion to Dismiss.  Those claims, and the grounds that Defendants' asserted for their dismissal are below:

> **(Count 2) Deceptive Trade Practices.**  Plaintiff's claim for Deceptive Trade Practices appears to actually be a claim for RESPA violations concerning the servicing of the subject loan.  Such claims are subject to a one year statute of limitations. Plaintiff's claims of deceptive trade practices act fail because the statutory provisions cited to by plaintiff (NRS §598) apply only to the sale goods and services, not mortgage loans.

> **(Count 6) Inspection and Accounting**.  This claim is a remedy and not a recognized cause of action in the State of Nevada.

> **(Count 7) Negligent Infliction of Emotional Distress.**  Plaintiff claims that because his property is in foreclosure, he is entitled to damages for intentional or negligent infliction of emotional distress. However, Plaintiff agreed to a foreclosure if he did not make his mortgage payments. The acts of Defendants beginning foreclosure proceedings cannot be construed as extreme or outrageous behavior where Plaintiff does not dispute that he defaulted on his loan.  Also, the alleged breach of non-existent duties cannot be considered extreme or outrageous conduct.

> **(Count 9) Breach of Duty of Good Faith Dealing.**  Plaintiff's claim for breach of the implied covenant of good faith and fair dealing fails *as a matter of law* because Plaintiff neglects to plead that a special relationship or fiduciary duty existed between him and Countrywide.  Nor does one exist. Even assuming Plaintiff alleged such facts, his claim still fails because all of Plaintiff's alleged breaches occurred prior to any contract between Countywide and Plaintiff.

Because Plaintiff made no attempt to refute these arguments in his Response, these claims should be dismissed.

**VII.      Plaintiff Selectively Responded to Arguments Concerning Other Claims**

In addition to failing to offer <u>any</u> arguments to support the claims above, Plaintiff cherry-picked which arguments he wanted to respond to concerning other of his claims.  Defendants argued that the wrongful foreclosure claim failed because Plaintiff signed a deed of trust that specifically authorized MERS to foreclose.  (Dkt. 5 5:7-9.)  While Plaintiff responded with arguments about the tender rule, he made no argument to explain why he should not be bound to the document he signed granting MERS authority to foreclose.

Lewis and Roca LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada 89169

444762

Similarly, Plaintiff argues that he has stated a claim to quiet title, but does not explain how he can maintain it in the face of his admission that he encumbered his property with a mortgage and then failed to make the necessary payments.  (Motion (Dkt. 5) 5:21-23.)  He also does not explain how he has a likelihood of success sufficient to support his request for an injunction, which he improperly styled as a cause of action.  (Motion 5:27-28.)

Next, Plaintiff does not explain how his conspiracy to commit conversion claim survives given that conversion applies only to *personal* property, not real property.  (Motion 20:1-10.)

Lastly, Plaintiff makes no response to Defendants argument that his loan does not come within the definition of a mortgage for the purposes of HOEPA and therefore for purposes of N.R.S. 598D (Motion 8:14-9:2), nor does he counter Defendants argument that he has asserted claims under a version of N.R.S. 598D passed *after* his loan transaction (Motion 9:3-10:7).

## VIII.     Plaintiff's Other Arguments About MERS Are Also Wrong.

Plaintiff argues throughout his Response and includes allegations throughout his complaint that there is something improper about MERS.  (*See, e.g.,* Complaint ¶¶ 5, 21, 50.)  Multiple courts across the country – including from the U.S. District Court for the District of Nevada have rejected similar arguments.  *See, e.g., Croce v. Trinity Mortgage Ins. Corp.,* 2009 WL 3172119, 4 (D. Nev. 2009) (stating that "[c]ourts around the country" have held that MERS has standing as a nominee beneficiary in connection with nonjudicial foreclosure proceedings and collecting cases in accord); *Gomez v. Countrywide Bank, FSB*, 2009 WL 3617650 (D. Nev. 2009) (MERS properly acts as an agent of the lender);[3]  *Trent v. Mortgage Elec. Registration Sys., Inc.*, 288 Fed. Appx.

---

[3] *See also Lopez v. Executive Trustee Servs., LLC,* No. 3:09-CV-180-ECR-VPC, slip op. (D. Nev. Jan. 13, 2010) (Reed, J.); *Green v. Countrywide Home Loans, Inc.,* No. 3:09-cv-00374, slip. op. (D. Nev. Jan. 11, 2010) (Reed, J.); *Elias v. HomeEQ Serv.*, 2009 WL 481270, 1 (recorded deeds of trust confirmed the standing of MERS as the nominee beneficiary to seek foreclosure); *Orzoff v. Mortgage Elec. Registration Sys., Inc.*, No. 2:08-cv-01512, slip op. (D. Nev. Mar. 26, 2009); *Ramos v. Mortgage Elec. Registration Sys., Inc.*, 2009 WL 5651132, 3 (D. Nev. 2009) (Reed, J.) (rejecting as "without merit" the plaintiff's argument that MERS had no right to confer upon the trustee under a deed of trust the power to sell a property through non-judicial foreclosure; holding that "under the deed of trust, MERS was empowered to foreclose on the property and to appoint [another defendant] as substitute trustee for purpose of conducting the foreclosure"); *Dunlap v. Mortgage Elec. Registration Sys., Inc.*, No. 2:08-cv-00918, slip op. at 1 (D. Nev. Jan. 5, 2009) (granting motions to dismiss filed by MERS and ReconTrust because MERS "does have standing and the authority to initiate foreclosure proceedings on the subject property under the language of the Deed of Trust"); *Beltran v. Mortgage Elec. Registration Sys., Inc.*, No. 2:08-cv-1101, slip op. (D. Nev. Jan. 5. 2009); *Khalil v. Fidelity Nat'l Default Solutions Tustin, et al.*, No. A560582, slip op. at 3 (Dist. Ct. Clark County Nov. 24, 2008) (finding that "MERS, as a lender's nominee and the named beneficiary [on the Deeds of Trust], has standing to foreclose on the Deeds of Trust").

571 (11th Cir. 2008) (MERS possess the legal right to foreclose); *Ciardi v. Lending Co., Inc.*, 2010 WL 2079735 (D. Ariz. May 24, 2010) (rejecting the argument that "the mere listing of MERS as the beneficiary renders the deed of trust invalid," and upholding the authority of MERS to foreclose on a property "[b]ecause the deed of trust explicitly states that MERS is the beneficiary with the authority to foreclose and s[ell] the property").[4]

Moreover, the Plaintiff's claim that there has been a "wrongful" substitution of the trustee on the deed of trust fares no better. (Dkt. 27 at 9:24-27.) There is nothing "wrongful" about substituting the trustee — it is expressly permitted by the documents he signed:

> **24. Substitute Trustee.** Lender at its option, may from time to time remove Trustee and appoint a successor trustee to any Trustee appointed hereunder. Without conveyance of the Property, the successor trustee shall succeed to all the title, power and duties conferred upon Trustee herein and by Applicable Law.

Deed of Trust dated 7/24/06 (Ex. A to Request for Judicial Notice). Accordingly, the fact that the contractual right to substitute the trustee has been exercised provides the Plaintiff with no basis to stop the foreclosure.

## IX.        Plaintiff's "Show Me The Note" Argument Also Lacks Merit.

Plaintiff also argues that the Defendants cannot foreclose unless they produce the original note. (*See* Dkt. 27 at p 10:8-25). The Plaintiff's "show me the note" argument has been repeatedly rejected. For example, in *Ernestberg v. Mortgage Investors Group*, 2009 WL 160241, 4-5 (D. Nev. 2009), the district court rejected a defaulting borrower's argument that the defendants were not authorized to foreclose on a property because they failed to produce the original note. The court explained that under Nevada's statutory scheme, presentment of the note is not required for foreclosure. *Id.*; *see also Croce*, 2009 WL 3172119 at 5 (rejecting borrower's argument that

---

[4] These and other similar case are attached hereto at Exhibit 1. *See, e.g., United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir.1992) (noting that a court "may take notice of proceedings in other courts, both within and without the federal judicial system, if proceedings directly relate to matters at issue") (quotation omitted and collecting cases); *Round Hill Gen. Improvement Dist. v. Newman*, 97 Nev. 601, 603, 637 P.2d 534, 536 (1981) (not reasonably subject to dispute that the subject matter in the federal case was the same as in the state case). In addition, Judge Jones of the District of Nevada has denied motions for preliminary injunction in two cases involving similar claims, holding in both that plaintiffs showed no likelihood of success on these claims. *Dalton v. CitiMortgage, Inc., et al.*, No. 3:09-CV-534-RCJ, Docket No. 132 (D. Nev. Oct. 9, 2009) (Jones, J.). (A copy of the transcript from that case is attached hereto at Exhibit 2); *Spracklin v. ReconTrust Co.*, No. 3:10-cv-00267-RCJ-VPC, slip op. at 3-5 (D. Nev. May 24, 2010) (Jones, J.) (attached in Ex. 1).

substituted trustee and beneficiary lacked standing to proceed with foreclosure because they did not present the original note); *Ramos*, 2009 WL 5651132 at 3 (holding that nothing in Nevada law requires the trustee to possess the original note to foreclose); *Wayne v. Homeq Servicing, Inc.*, 2008 WL 4642595 (D. Nev. 2008) ("Courts around the country have rejected claims by plaintiffs asserting a duty by the lender to provide the original note ... to prove its holder in due course status").[5]  Plaintiff provides no reason to depart from these authorities.

## X.   Plaintiffs Argument About the Deed and Note Being Separated Is Unavailing.

Plaintiff next contends that his quiet title action should not be dismissed based on his allegation that the deed and note have been separated, which he contends destroys the security.

First, the Plaintiff himself cites the authority showing his "separated note" argument fails:

> 26   Similarly, this has long been the law throughout the United States: When a note secured by a
> 27   mortgage is transferred, "transfer of the note carries with it the security, without any formal
> 28   assignment or delivery, or even mention of the latter." *Carpenter* v. *Logan*, 83 U.S. 271, 275

Response 10:26-28 (citing *Carpenter v. Longan*, 83 U.S. 271, 275 (1872)).  The Plaintiff is correct that the security follows the note.  POWELL ON REAL PROPERTY, § 37.27[2] at 37-179; *accord*

---

[5] District courts in California and Arizona – both non-judicial foreclosure jurisdictions – also routinely reject the "show me the note" theory.  *See, e.g.*, *Roque v. Suntrust Mortg., Inc.*, 2010 U.S. Dist. LEXIS 11546 (N.D. Cal. Feb. 9, 2010)("In the absence of any legal requirement with respect to the procession of the original promissory note prior to a nonjudicial foreclosure, plaintiff's theory for wrongful foreclosure is without merit.");  *Nool v. Homeq Servicing*, 653 F. Supp.2d 1047, 2009 WL 2905745 at *4 (E.D. Cal. Sept. 4, 2009) (this theory is "a blatant misrepresentation of the law"); *Putkkuri v. ReconTrust Co.*, 2009 WL 32567 at *2 (S.D. Cal. Jan. 5, 2009). ("Production of the original note is not required to proceed with a non-judicial foreclosure."); *Candelo v. NDex West, LLC.*, 2008 WL 5382259 at *4 (E.D. Cal. Dec. 23, 2008) ("No requirement exists under the statutory framework to produce the original note to initiate non-judicial foreclosure."); *Alicea v. GE Money Bank*, 2009 WL 2136969, at * 2 (N.D. Cal. July 16, 2009) (securitization of loan does not affect legal beneficiary's standing to enforce deed of trust and possession of Note is not necessary); *Hafiz v. Greenpoint Mortgage Funding, Inc.*, 652 F. Supp.2d 1039, 1043 (N.D. Cal. July 16, 2009) (same); *Diessner v. Mortgage Electronic Registration Systems*, 618 F. Supp.2d 1184, 1187 (D. Ariz. 2009) (successor mortgagee need not present the original note); *Mansour v. Cal-Western Reconveyance Corp.*, 2009 WL 1066155, at *2 (D. Ariz. April 21, 2009) (noting district courts "have routinely held that Plaintiff's 'show me the note' argument lacks merit."); *Goodyke v. BNC Mortg., Inc.*, 2009 U.S. Dist. LEXIS 89331 (D. Ariz. Sept. 10, 2009)(dismissing claim "[b]ecause Plaintiff's action involves the nonjudicial foreclosure of a real estate mortgage under Arizona statutes that do not require presentation of the original note before commencing foreclosure proceedings[.]").

RESTATEMENT (THIRD) OF PROPERTY (MORTGAGES) § 5.4(a) ("A transfer of an obligation secured by a mortgage also transfers the mortgage unless the parties to the transfer agree otherwise.").[6]

### XI.   Plaintiff Does Not Provide Any Reason Why the Applicable Statutes of Limitations Do Not Bar His Claims

As the Defendants previously argued, some of Plaintiff's claims are barred by the applicable statutes of limitation.  His unfair lending practices claim (Count I) and his TILA rescission claim (Count XII) are subject to three-year statutes of limitations, and his RESPA claim (Count II) is subject to a one-year statute of limitations.  *See* Dkt. 5 at p. 7:13 (unfair lending practices); 10:17-20 (RESPA); 28 (TILA).  Plaintiff's sole legal argument in response is that he cannot know when the TILA statute of limitations runs without conducting some discovery.[7]  (Dkt. 27 at 5:21-26.)  Not so.

But, a few lines after asking for discovery, Plaintiff himself acknowledges:  "If the creditor fails to provide all of the 'material' TILA disclosures, the consumer's right to rescind is extended for up to three years."  (*See* Dkt. 27 at p. 5:17-21 (emphasis added))  Here, Plaintiff alleged that the Defendants failed to provide the required TILA disclosures.  (*See* Complaint, Dkt. 1, ¶ 124(iii)).  Plaintiff misses the import of his own admissions:  assuming he received no disclosures at all, which is what he alleges and argues, the statute of limitations on Plaintiff's TILA claim expired on July 24, 2009.   No discovery is needed to ascertain that date.  It is a straight calculation of three years from when he consummated his loan.  15 U.S.C. § 1635(f).  His TILA claim should therefore be dismissed.  *See Velasquez v. HSBC Mortg. Servs.*, 2009 WL 2338852, 6 (D. Nev. 2009) (dismissing TILA claim brought after limitations period); *Cervantes v. Countrywide Home Loans, Inc.*, 2009 WL 3157160, 4 (D. Ariz. 2009) (declining to apply equitable tolling where "Plaintiffs allege[d] that Defendants 'fraudulently misrepresented and concealed the true facts related to the items subject to disclosure,' and Plaintiffs 'did not discover

---

[6] Defendants suspect that Plaintiff's argument relating to an assignment in the documents in the Request for Judicial Notice is borrowed from another case, as there is no assignment in the Request for Judicial Notice, nor has Plaintiff's note been assigned.  (Response (Dkt. 27) 8:23-28.)

[7] Plaintiff makes an argument as to the unfair lending practices statute of limitations, but it is unintelligible and so Defendants will not address it: "Defendants only make the time bar argument because they know that Plaintiff's equitable rights intrinsic to the contract in and of itself goes beyond the argument as Nevada law is in perpetuity until amended otherwise by the Nevada legislature."  (*See* Dkt. 27 at 16:17-20).

the Defendants' failure to make the disclosures pursuant to 15 U.S.C. § 1638 until one year within

the filing of this complaint'" because no factual allegations supported the conclusions).

**XII.   Plaintiff Provides No Authority that Would Excuse Him From the Tender Requirement**

Defendants cited cases that require Plaintiff to tender in order to have standing to pursue

wrongful foreclosure and rescission claims.  Plaintiff does not say that those cases have been

overruled, just that they are "old."  So old, the Plaintiff contends, that they pre-date securitization

of mortgages and are therefore no longer binding.  (*See* Dkt. 27 p. 8:8-15.)

To the contrary, the tender rule continues unchanged in the context of securitized

mortgages.  *See, e.g., Odinma v. Aurora Loan Servs.*, 2010 WL 1199886, 2-3 (N.D. Cal. March

23, 2010) (applying the tender rule to bar plaintiff's wrongful foreclosure claims, and collecting

cases decided in the last year in accord).  The *Odinma* case also highlights why Plaintiff's request

for rescission should be rejected:  while Courts can change the time of a plaintiff's tender, a

condition to the exercise of that power is that the plaintiff first make a viable offer of tender.

*Odinma*, 2010 WL 1199886 at 2-3 (noting the complaint has to include a credible offer of tender);

*Anaya v. Advisors Lending Group*, 2009 WL 2424037, 10 (E.D. Cal. 2009) ("Simply put, if the

offeror is without the money necessary to make the offer good and knows it the tender is without

legal force or effect.") (quotations omitted)); *Alicea v. GE Money Bank*,  2009 WL 2136969, 3

(N.D. Cal. 2009) ("A valid and viable offer of tender means that it is made in good faith, the party

making the tender has the ability to perform, and the tender must be unconditional.").  Where a

complaint does not include such an allegation, the claim is "deficient on its face."  *Alicea*, 2009

WL 2136969, 3 (so noting, and dismissing claims where the plaintiff did not "indicate in her

Opposition that she is prepared to cure the deficiency in the Complaint by making the offer of

tender.").

Like in the cases above, Plaintiff's complaint lacked any allegation of tender.  And like

*Alicea*, Plaintiff failed to cure this deficiency by offering a credible and viable tender in his

Response.  As noted, the tender rule applies to "any cause of action" that is based upon allegations

of wrongful foreclosure or that seeks redress from foreclosure.  (Dkt. 5 at p. 17:3-8 (collecting

cases))  Defendants cannot be required to litigate Plaintiff's claims based solely on Plaintiff's

1    suggestion that he tender if he prevails.  The Plaintiff's foreclosure-based claims should, therefore,

2    be dismissed, including his claims for wrongful foreclosure (Count 3), quiet title (Count 8),

3    injunctive relief (Count 10), declaratory relief (Count 11), and his claim for rescission under TILA

4    (Count 12).

5    **XIII.        Declaratory Judgment Is a Procedural Device, Not a Substantive Cause of Action**

6          Plaintiff contends that the Declaratory Judgment Act, 28 U.S.C. § 2201, creates a remedy

7    based on the language of the statute itself.  (*See* Dkt. 27 at p. 15:25-16:4).  However, he makes no

8    effort to rebut the authorities cited by Defendants in their Motion to Dismiss that show that the the

9    Declaratory Judgment Act actually affords a party a procedural device to assert a substantive

10   claim, but does not itself create a separate cause of action.  (Dkt. 5 at p. 27:10-12 and n.51 (citing

11   *Akins v. Penobscot Nation*, 130 F.3d 482, 490 n.9 (1st Cir. 1997); *Johnson v. D&D Home Loans*

12   *Corp.*, 2007 WL 4355278, 4 (E.D. Va. 2007) (declaratory relief is a "remedy available  . . . and

13   not a separate cause of action")); *Western Cas. & Sur. Co. v. Herman*, 405 F.2d 121, 124 (8th Cir.

14   1968) ("The Declaratory Judgment Act, 28 U.S.C.A. §§ 2201 and 2202, does not create any new

15   substantive right but rather creates a procedure for adjudicating existing rights."); *People of Cal. v.*

16   *Kinder Morgan Energy Ps, L.P.*, 569 F. Supp. 2d 1073, 1091 (S.D. Cal. 2008) (following

17   *Herman*).

18         For the reasons already noted in their Motion to Dismiss, his "claims" for declaratory relief

19   should be dismissed.

20   **XIV.   The Court Should Not Grant the Plaintiff Leave to Amend to Add a Suitability Claim**

21         As noted, Plaintiff contends in his Response that the Court should review the complaint

22   and just tell him what is wrong with it, so he can go back, amend it, and add more detail.  (Dkt. 27

23   at 19:4-7.)  In addition, he argues that he should be granted to leave to amend so that he can add a

24   claim for "suitability."  (Dkt. 27 at 18:6-25)

25         As an initial matter, Plaintiff's request is procedurally improper under this Court's Special

26   Order 109, which requires separate motions for the various additional forms of relief the Plaintiff

27   is requesting in his one motion.

28         But even if the request were proper, leave to amend should be denied as futile.  Plaintiff

himself admits that the claim he would like to add is destined for dismissal.  Plaintiff concedes

that suitability is not a cause of action in Nevada.  (*See* Dkt. 27 18:8-9 ("Defendant may argue that

there is no cause of action for suitability in Nevada.  Defendant would be correct."))  Plaintiff

instead argues that this Court *should* recognize an action for suitability.  *Id.* at 18:9-10.  This Court

cannot change Nevada's substantive law.  It can only <u>apply</u> the state's substantive law, which the

Plaintiff concedes does not include a cause of action for suitability.  *See, e.g., Gomez v.*

*Countrywide Bank, FSB*, 2009 WL 3617650, 8 (D. Nev.  2009) (noting the Nevada legislature had

considered the issue and declined to adopt a cause of action for suitability).  Accordingly, Plaintiff

should not be permitted to amend his complaint to add a count that would be subject to immediate

dismissal.  *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990) (noting leave to amend

can be denied where amendment would be "futil[e] for lack of merit" in the claim to be added,

(citing *Forman v. Davis*, 371 U.S. 178, 182 (1962)).

## CONCLUSION

Based on the foregoing, Defendants request dismissal of Plaintiff's Complaint pursuant to

Federal Rules of Civil Procedure 8, 9(b) and 12(b)(6).

DATED this 4th day of June, 2010.

LEWIS AND ROCA LLP


By _____/s/ Stefan Palys (11434)_____
J. CHRISTOPHER JORGENSEN, ESQ.
STATE BAR NO. 5382
STEFAN M. PALYS, ESQ.
STATE BAR NO. 11434
3993 Howard Hughes Pkwy., Ste. 600
Las Vegas, NV  89169
Attorneys for Defendants BAC,
BOA and Recontrust

1

2

3

4

5

6                     <u>CERTIFICATE OF SERVICE</u>

7           I hereby certify that service of the foregoing document was made on the 4th day of June

8   2010 by depositing a copy for mailing, first class mail, postage prepaid, at Las Vegas, Nevada, to
    the following:

9

10    Brandon M. D'Haenens
      609 North Los Feliz Street

11    Las Vegas, NV 89110
      Pro Se Plaintiff

12

13

14  By____/s/ Marie H. Mancino_____
    an employee of Lewis and Roca LLP

15

16

17

18

19

20

21

22

23

24

25

26

27

28