UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

BRANDON M. D'HAENENS,

          Plaintiff,

v.

BANK OF AMERICA, N.A., *et. al.*,

          Defendants.

2:10-cv-00570-GMN-LRL

**O R D E R**

      Before the court is plaintiff's Motion to Compel Production of Documents and Disclosure (#28). The court has considered the motion (#28), defendants' Opposition (#32), and defendants' Notice of Non-Reply (#40). Also before the court is defendants' Motion to Stay Discovery (#38). No response to the motion (#38) was filed.

Motion to Compel (#28)

      "A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)." Fed.R.Civ.P. 26(d). Similarly, initial disclosure statements are not due until fourteen (14) days *after* the parties have held a Rule 26(f) conference. Here, the parties have not yet held a Rule 26(f) conference. Accordingly, any request for discovery is premature. Moreover, before a party may file a motion to compel pursuant to Fed.R.Civ.P. 37, that party must first serve a discovery request on the party from whom discovery is sought. For example, Rule 34 provides the procedure to request documents. If a response to a proper request for discovery is unsatisfactory, the requesting party must then meet and confer with the other party to try and resolve the issue without court intervention. *See* Fed.R.Civ.P. 37; see also Local Rule 26-7. Only if the parties are not able on their own to reach a satisfactory result may the requesting party file a motion to compel discovery. *See id.* Pursuant to Fed.R.Civ.P. 37(a)(1) and LR 26-7(b), the party filing a motion to compel must include a certification

1. that it has in good faith met and conferred with the person or party failing to make disclosure or discovery in an effort to obtain the discovery without court action. Plaintiff has not filed such a certification. For the foregoing reasons, plaintiff's Motion to Compel (#28) shall be denied.

Defendant requests that the court order plaintiff to pay its fees and costs in opposing the motion pursuant to Fed.R.Civ.P. 37(a)(5)(B). Opp'n (#32) at 3. The court declines to do so. When a motion to compel is denied, Fed.R.Civ.P. 37(a)(5)(B) requires that the movant pay the fees and costs of the party opposing the motion, unless the motion was "substantially justified or other circumstances make an award of attorney's fees unjust." Plaintiff, appearing pro se, has yet to develop an adequate command of the applicable procedural rules. An award of attorney's fees and costs would therefore be inappropriate at this time. Plaintiff is admonished that he must become familiar with and follow the procedures set forth in the Federal Rules of Civil Procedure and this court's Local Rules. Plaintiff's future failure to comply with those rules could result in sanctions, including but not limited to the payment of defendant's fees and costs such as those requested here.

Motion for Stay of Discovery (#38)

Through their Motion to Stay Discovery (#38), defendants move the court to stay discovery pending resolution of their Motion to Dismiss (#5) pursuant to FRCP 12(b)(6). The motion (#38) is made to conserve the parties' and the court's resources until after it is determined which, if any, of plaintiff's claims survive the motion to dismiss. Plaintiff has not responded to the motion (#38). His failure to do so constitutes his consent to the granting of the motion. LR 7-2(d). For that reason, and for good cause otherwise shown, discovery shall be stayed in this case.

Accordingly, and for good cause shown,

IT IS ORDERED that plaintiff's Motion to Compel Production of Documents and Disclosure (#28) is DENIED.

. . .

. . .

. . .

2

IT IS FURTHER ORDERED that defendants' Motion for Stay of Discovery is GRANTED to the extent that discovery proceedings are hereby stayed pending further order of the court.

DATED this 19th day of July, 2010.

*/s/ Lawrence R. Leavitt*

**LAWRENCE R. LEAVITT**
**UNITED STATES MAGISTRATE JUDGE**