UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

BRANDON D'HAENENS,            )   Case No.: 2:10-cv-00570-GMN-LRL
                              )
                 Plaintiff,   )   **ORDER**
     vs.                      )
                              )
BANK OF AMERICA, et al.,      )
                              )
                 Defendants.  )
                              )

Plaintiff Brandon M. D'Haenens sued Defendants on multiple causes of action related to the foreclosure of his mortgage. Pending before the Court is Plaintiff's Motion to Remand (ECF No.12) and Defendants' Motions to Dismiss (ECF Nos. 5, 18). For the reasons that follow, the Court grants the Motion to Remand (ECF No. 12) and denies all other pending motions as moot.

## I.  FACTS AND PROCEDURAL HISTORY

On July 24, 2006, Plaintiff and non-party Severn P. Bizzaro jointly purchased real property located at 609 N. Los Feliz St., Las Vegas, NV 89110 ("the Property") for $740,000. (*See* ECF No. 6, Ex. A, at 1–3).[1] The first deed of trust lists Bank of America, N.A. as "lender" and PRLAP, Inc. as "trustee." (*See id.*, Ex. A, at 2).[2] Plaintiff made a thirty-year, adjustable-rate promissory note to Bank of America for $740,000. (*See id.*, Ex. B, at 1). The payments were to begin on September 1, 2006 at an initial interest rate of 6.75%, with initial monthly payments of $4162.50. (*Id.*, Ex. B, at 1–2). The interest

---

[1] The Court may take judicial notice of the public records adduced by Defendants. *See Mack v. S. Bay Beer Distribs.*, 798 F.2d 1279, 1282 (9th Cir. 1986).

[2] Mortgage Electronic Registration Systems, Inc. ("MERS") is listed nowhere on the first or second deeds of trust. MERS is likely named as a defendant because Plaintiff used a form complaint without adjusting it to fit the facts of the present case.

rate would not adjust until August 1, 2011, and on that date each year thereafter, but it could never exceed 11.75%. (*Id.*, Ex. B, at 2–3).

Plaintiff and Bizzaro gave a second deed of trust against the Property to Bank of America on the same date to secure a second loan of $185,000. (*Id.*, Ex. C, at 1–2). The second deed of trust also lists Bank of America as "lender" and PRLAP as "trustee." (*See id.*, Ex. C, at 2). Plaintiff made a fifteen-year, fixed-rate, promissory note to Bank of America for $185,000. (*See id.*, Ex. D. at 1). The payments were to begin on September 1, 2006 at an interest rate of 9.5%, with monthly payments of $1555.59. (*Id.*, Ex. D, at 1). Any amount still owed under the note at the maturity date would become immediately due. (*Id.*).

Plaintiff defaulted. Defendants in these types of actions typically attach copies of the notice of default and election to sell ("NOD"), any substitutions of trustees, and notice of trustee's sale ("NOS") to their dispositive motions; however, in this case, Defendants only attached a printoff from the Clark County Recorder's website indicating recordations affecting the Property during the relevant time frame. The following relevant activities appear to have been recorded: (1) a non-party recorded Plaintiff's deed on August 3, 2006; (2) Bank of America recorded the deed of trust on the same date; (3) a non-party recorded, on behalf of Wells Fargo Bank, N.A., a "substitution/reconveyance" (likely a substitution of trustee) on September 19, 2006; (4) several non-parties recorded liens against the Property between February 26, 2007 and May 28, 2009; (5) Recontrust filed an NOD on January 14, 2010; (6) Recontrust was substituted as trustee on February 9, 2010; (7) Recontrust rescinded the NOD on February 23, 2010; (8) Plaintiff recorded a lis pendens on the same day; and (9) Bank of America recorded an NOD on March 16, 2010. (*See id.*, Ex. F, at 1–2). The potential statutory defect in foreclosure here is that Recontrust filed a NOD before it was

substituted as trustee, and perhaps at the direction of a stranger to the notes and deeds of trust.  However, the NOD filed by Bank of America on March 16, 2010 appears valid and cures the prior defect, as Bank of America was the beneficiary under the deed of trust and therefore could properly file the NOD. *See* Nev. Rev. Stat. § 107.080(c).

Plaintiff sued Defendants in state court on twelve causes of action: (1) Unfair Lending  Practices Under Chapter 598D; (2) Deceptive Trade Practices Under Chapter 598D; (3) Wrongful Foreclosure; (4) Conspiracy to Commit Fraud and Conversion; (5) Conspiracy to Commit Fraud Related to the MERS System; (6) Inspection and Accounting; (7) Negligent Infliction of Emotional Distress ("NIED"); (8) Quiet Title; (9) Breach of the Implied Covenant of Good Faith and Fair Dealing; (10) Injunctive Relief; (11) Declaratory Relief; and (12) Rescission.  Defendants removed, and Plaintiff filed the present motion to remand for improper removal.  Defendants have also filed two motions to dismiss.

## II.   LEGAL STANDARD

Defendants may remove a case to the United States District Court that could have been originally brought there, so long as all defendants consent to removal within thirty days of being served with the complaint and no defendant who has been joined and served is a forum resident. *See* 28 U.S.C. §§ 1441, 1446.  Consent to removal must be unanimous. *Chi., Rock Island & Pac. Ry. Co. v. Martin*, 178 U.S. 245, 248 (1900).  "[T]he filing of a notice of removal can be effective without individual consent documents on behalf of each defendant.  One defendant's timely removal notice containing an averment of the other defendants' consent and signed by an attorney of record is sufficient." *Proctor v. Vishay Intertechnology, Inc.*, 584 F.3d 1208, 1225 (9th Cir. 2009).  A defendant must remove within thirty days of being formally served with the summons and receiving actual notice of the complaint, through service or otherwise.

*Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347–48 (1999).[3]  A defendant has the burden of proving proper removal by a preponderance of the evidence. *Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1106–07 (9th Cir. 2010).

## III.   DISCUSSION

The Notice of Removal notes that Plaintiff is a citizen of Nevada, that all Defendants are foreign entities, and that the amount in controversy exceeds $75,000. (*See* ECF No. 1 ¶¶ 7, 9).  This establishes that the Court would have original jurisdiction to entertain the case. *See* 28 U.S.C. § 1332.

Defendants Bank of America, BAC Home Loans Servicing, and Recontrust Co. filed the Notice of Removal on April 20, 2010. (*See id.* at 1:19–20).  That notice did not aver that the remaining Defendants, Mortgage Electronic Registration Systems, Inc. and Merscorp, Inc. (collectively, "MERS"), consented to the removal, but, on May 12, 2010, MERS filed a separate joinder to the removal. (*See* ECF No. 21).

Although the Certificate of Service attached to Plaintiff's Complaint indicates that Defendants were served personally and/or by mail on February 10, 2010, (*see* Compl. at 25), no Defendant demonstrated consent to remove within thirty days of that date.  The non-MERS Defendants allege that this is because they only received notice by facsimile on April 14, 2010, (*see* ECF No. 1 ¶ 3), and the MERS has not yet been served at all, (*see* ECF No. 15 at 5:17–18).  No Defendant has actually rebutted Plaintiff's certificate of service attached to the Complaint; however, there is also no evidence in the record of any

---

[3] In *Murphy Bros.*, the defendant removed forty-four days after receiving notice of the complaint, but thirty days after being served with the summons and complaint. *Id.* at 348.  The Supreme Court reversed the Eleventh Circuit's instructions to remand, because the defendant had removed within thirty days of being served with the summons, and it had actual notice of the complaint. *See id.* at 347–48.  In summary, the Court superimposed a formal service requirement--as to the summons, but not as to the complaint--onto the text of § 1446(b), which only requires "receipt . . . through service or otherwise . . . ." *See id.* at 357 (Rehnquist, C.J., dissenting).

Defendant having been served with the summons, which is required for the thirty-day removal clock to begin to run. *See Murphy Bros.*, 526 at 347–48.

Because Defendants allege that they have not been served with the summons, they are not yet parties to the action, *see id.* at 350–51, and they therefore have no standing to remove. Removal alone does not constitute a waiver of service, *Block v. Block*, 196 F.2d 930, 933 (7th Cir. 1952) (citing *Gen. Inv. Co. v. Lake Shore & M.S. Ry. Co.*, 260 U.S. 261, 268 (1922)), and the Notice of Removal does not indicate any such waiver. In fact, Defendants continue to complain of Plaintiff's alleged failure to serve them at and/or Plaintiff's failure to serve them properly. Indeed, the non-MERS Defendants allege that they were improperly served by fax on April 14, 2010, (*see* ECF No. 1 ¶ 3), and that the MERS defendants were never served. In their opposition to the motion to remand, Defendants allege that "all served parties have consented to removal," but they do not indicate when any Defendant was properly served. As Defendants have the burden of disproving the strong presumption against removal jurisdiction, they bear the burden of showing that they were, indeed, served with a summons in this action. Defendants have not made such a showing. The Court therefore grants Plaintiff's Motion to Remand.

## CONCLUSION

IT IS HEREBY ORDERED that Plaintiff's Motion to Remand (ECF No. 12) is GRANTED. All other pending motions are thus DENIED as moot.

DATED this 1st day of October, 2010.

_____
Gloria M. Navarro
United States District Judge